MR. CHIEF JUSTICE HASWELL
concurring in part and dissenting in part:
I concur in reversing appellant’s convictions of felony theft and criminal mischief for the reasons stated by the majority. I dissent from the affirmance of appellant’s criminal trespass conviction.
The majority hold that the admission of appellant’s confession was harmless error insofar as his conviction of criminal trespass is concerned. The basis of the majority ruling is threefold: (1) the confession merely places appellant inside the J & L Tire building; (2) this evidence is merely cumulative; and (3) other evidence overwhelmingly shows appellant’s guilt.
In my view the confession goes far beyond simply placing appellant inside the J & L Tire building. In his confession appellant stated that he and Dale Gladue “. . . went by J & L Tire in between the tire place and the other building. That coin laundry. There was a big hole in the garage door and glass was broken out on two sides. We looked in. We went to Sambo’s, sat there and Dale said something about going back. I told him there was an alarm system in there. We went back through and took the coins off the desk and that is about it. That is when the policeman showed up.”
The test of federal constitutional harmless error is “whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction.” Fahy v. Connecticut (1963), 375 U.S. 85, 84 S.Ct. 229, 11 L.Ed.2d 171. Or, stated another way, whether the error was harmless beyond a reasonable *126 doubt. Chapman v. California (1967), 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705.
The elements of the crime of criminal trespass are a (1) knowing, (2) unlawful (3) entering into the premises of another. Section 45-6-203, MCA The quoted part of the confession clearly establishes the first two elements of the crime. It is the only direct evidence of a knowing, unlawful entry. I cannot fairly say that there is no reasonable possibility that the inadmissible confession contributed to appellant’s conviction or that the error was harmless beyond a reasonable doubt.
I would therefore remand for a new trial free from the taint of the unlawful confession.